UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Chapter 11

R.A. BORRUSO, INC.,                                 Case No. 8:20-bk-06495-CED

    Debtor.
_____/

**DEBTOR'S APPLICATION TO EMPLOY MARLOWE LAW
AS SPECIAL LITIGATION COUNSEL AND TO MAKE MONTHLY PAYMENTS**

    R.A. BORRUSO, INC., as debtor and debtor in possession (the "**Debtor**"), respectfully requests that this Court enter an order authorizing the employment of Marlowe Law ("**Marlowe**") as special litigation counsel for the Debtor in the above-captioned case and to make monthly payments to Marlowe. In support of the application, the Debtor respectfully represents as follows:

**Jurisdiction and Venue**

    1.    This Court has jurisdiction to consider this application pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this application is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

    2.    The predicates for the relief sought herein are 11 U.S.C. §§327(e) and 328(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure.

**Background**

    3.    On August 27, 2020 (the "**Petition Date**"), the Debtor filed its Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

    4.    The Debtor operates an insurance agency and, since the Petition Date, has continued to operate its business as a debtor-in-possession.

**Relief Requested and Grounds for Relief**

5. The Debtor is party to a franchise agreement (the "**Franchise Agreement**") with GreatFlorida Insurance Holding Corp. ("**GreatFlorida**"). The Court has ruled in a related bankruptcy case a similar franchise agreement may not be assumed without GreatFlorida's consent. GreatFlorida indicated that it will object to the Debtor assuming the Franchise Agreement. The Debtor will be filing an amended plan, which will not contemplate the assumption of the Franchise Agreement. GreatFlorida has contended that there are non-compete and other restrictions upon termination of the Franchise Agreement which are enforceable under Florida law, which the Debtor disputes.

6. Based on GreatFlorida's threats to initiate litigation, the Debtor seeks to employ Marlowe as special counsel. The principal of Marlowe is Ronald J. Marlowe, a highly qualified attorney in the area of non-compete litigation. The Debtor seeks to retain Marlowe to represent its interests in the event litigation is filed by GreatFlorida.

7. The Debtor has agreed to compensate Marlowe on an hourly basis, subject only to approval of this Court. Ronald J. Marlowe will be the lawyer at Marlowe rendering services in this case. Marlowe has advised the Debtor that his current hourly rate is $350.00, but has agreed to provide services at the rate of $250.00 per hour on this engagement. The Debtor understands that the hourly rates are subject to periodic adjustments to reflect economic and other conditions.

8. The Debtor has also agreed to reimburse Marlowe for the actual and necessary expenses it incurs in connection with its professional services in the above-referenced services.

9. The plan to be filed by the Debtor will contemplate monthly payments to Marlowe and, by this Motion, the Debtor seeks to compensate Marlowe on a monthly basis.

10. As set forth in the Affidavit of Ronald J. Marlowe, which is attached hereto as **Exhibit A** and incorporated herein by reference, Marlowe does not represent or hold any interest

adverse to the Debtor or to the estate with respect to the matters upon which it is to be engaged which would preclude its employment. Except as more fully described in the affidavit, Marlowe has no connections with the Debtor, any creditors of the Debtor, any other party in interest, its respective attorneys and accountants, the Office of the United States Trustee, or any person employed in the Office of the United States Trustee. Marlowe had represented the Debtor in litigation prior to the Petition Date but has not provided any legal services to the Debtor after the Petition Date.

    11.    The Debtor submits that Marlowe's proposed retention meets the four prerequisites for retention of special counsel under §327(e) of the Bankruptcy Code:

    a.    The retention is for a specific purpose;

    b.    The proposed retention does not involve the conduct of these cases;

    c.    The proposed retention is in the best interest of the estate; and

    d.    Marlowe does not have a material interest adverse to the Debtor regarding the specific matters for which retention is proposed herein.

    12.    In summary, the Debtor believes that Marlowe is well qualified to serve as special counsel, and that the retention of Marlowe is in the best interest of the Debtor and the estate.

WHEREFORE, the Debtor respectfully requests that this Court enter an order in the form attached as **Exhibit B**: (a) approving this application; (b) authorizing the Debtor to employ Marlowe as special counsel for the purposes set forth in this application; (c) authorizing the Debtor

to compensate Marlowe for services rendered and reimbursement of expenses incurred; and (d) providing such other and further relief as is just.

      */s/ Scott A. Stichter*
Scott A. Stichter (FBN 0710679)
Stichter Riedel Blain & Postler, P.A.
110 East Madison Street, Suite 200
Tampa, Florida   33602
Telephone:  (813) 229-0144
Fax:  (813) 229-1811
Emails: sstichter@srbp.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the ***Debtor's Application for Authorization to Employ Marlowe Law as Special Litigation Counsel*** has been furnished on this 9th day of August, 2021, by either the Court's CM/ECF electronic mail system or by U.S. Mail to:

Office of the United States Trustee

      */s/ Scott A. Stichter*
Scott A. Stichter

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                          Chapter 11

R.A. BORRUSO, INC.,                                             Case No. 8:20-bk-6495-CED

　　　　Debtor.
_____/

**AFFIDAVIT OF RONALD J. MARLOWE IN SUPPORT OF DEBTOR'S
APPLICATION TO EMPLOY MARLOWE LAW AS SPECIAL COUNSEL**

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

　　　　BEFORE ME, the undersigned authority, personally appeared Ronald J. Marlowe, the sole shareholder and attorney with the law firm of Ronald J. Marlowe, P.A., dba Marlowe Law ("**Marlowe Law**"), who, being duly sworn, submits the following statement in compliance with 11 U.S.C. §§327, 328 and 329 and Bankruptcy Rules 2014 and 2016 and deposes and says:

　　　　1.　　My name is Ronald J. Marlowe. I am an attorney employed by Marlowe Law, which has its Tampa office located at 2202 N. Westshore Boulevard, Suite 200, Tampa, Florida 33607. I am duly authorized to practice law in the State of Florida. Marlowe Law and I propose to serve as special counsel to the Debtor in this Chapter 11 case.

　　　　2.　　This affidavit is submitted in order to comply with 11 U.S.C. §§327, 328 and 329, and Bankruptcy Rules 2014 and 2016. Unless otherwise stated, this affidavit is based upon facts of which I have personal knowledge. In preparing this affidavit, I reviewed a list of creditors of the Debtor.

Exhibit A

3. Prior to the Petition Date, Marlowe Law performed services for the Debtor. As of the Petition Date, the Debtor did not owe Marlowe Law any amount for prepetition services rendered.

4. To the best of my knowledge, formed after reasonable inquiry, no attorney employed by Marlowe Law holds any interest adverse to the Debtor, its estate, or any other parties in interest except Marlowe Law currently represents Ryan Borruso, the principal of the Debtor, in a civil action brought by Agilecap, LLC, Case No. 20-CA-009407, Division G, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, entitled *Agilecap, LLC v. Ryan Borruso*, arising out of an Unconditional Guaranty dated August 22, 2017. Marlowe Law also is counsel of record for all defendants except Agilecap, LLC and Point Funding, LLC, in the stayed action styled *Ameris Bank v. Nine Family Circle Holdings, Inc., R.A. Borruso, Inc., AJRANC Insurance Agency, Inc., Anthony L. Borruso, Julie A. Borruso, Agilecap, LLC, and Point Funding, LLC*, Case No. 2020-CA-004382, pending in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

5. No attorney employed by Marlowe Law now holds, or has ever held, a direct or indirect equity interest in the Debtor, or any of its affiliates, and no such attorney now has, or has ever had, any right to acquire such an interest.

6. No attorney employed by Marlowe Law is now, or has ever served in the past, as an officer, director or employee of the Debtor.

7. No attorney employed by Marlowe Law is, or has ever been, in control of the Debtor or is a relative of a director, officer or person in control of the Debtor.

8. No attorney employed by Marlowe Law is, or has ever been, a general or limited partner of a partnership in which the Debtor is also a general or limited partner.

9. No attorney employed by Marlowe Law is, or has ever served as, an officer, director or employee of a financial advisor which has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

10. No attorney employed by Marlowe Law has ever represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor.

11. No attorney employed by Marlow Law presently represents any creditor, general partner, lessor, lessee, party to an executory contract with the Debtor, or person otherwise adverse or potentially adverse to the Debtor or the estate, on any matter, whether such representation is related or unrelated to the Debtor or the estate except Marlowe Law currently represents Ryan Borruso in a civil action brought by Agilecap, LLC, Case No. 20-CA-009407, Division G, in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, entitled *Agilecap, LLC v. Ryan Borruso*, arising out of an Unconditional Guaranty dated August 22, 2017. Marlowe Law also is counsel of record for all defendants except Agilecap, LLC and Point Funding, LLC, in the stayed action styled *Ameris Bank v. Nine Family Circle Holdings, Inc., R.A. Borruso, Inc., AJRANC Insurance Agency, Inc., Anthony L. Borruso, Julie A. Borruso, Agilecap, LLC, and Point Funding, LLC*, Case No. 2020-CA-004382, pending in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

12. There is no agreement of any nature as to the sharing of any compensation to be paid to Marlowe Law. The compensation of attorneys at Marlowe Law is fixed from time to time by its shareholder.

13. Nothing herein is intended to waive, and does not waive, any attorney-client privilege.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Ronald J. Marlowe

SWORN TO AND SUBSCRIBED BEFORE ME this 6 day of August, 2021 by Ronald J. Marlowe, who ( ) is personally known to me or (X) produced FL DL as identification and who DID take an oath.

_____
Notary Public   Paola Lamelas
My Commission Expires: 07/16/2023

Notary Public State of Florida
Paola Lamelas
My Commission GG 355793
Expires 07/16/2023

4852-4608-2804, v. 1

4
Exhibit A

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                      Chapter 11

R.A. BORRUSO, INC.,                                         Case No. 8:20-bk-6495-CED

    Debtor.
_____/

### ORDER ON DEBTOR'S APPLICATION TO EMPLOY MARLOWE LAW AS SPECIAL LITIATION COUNSEL

THIS CASE came on for consideration upon the *Debtor's Application to Employ Marlowe Law as Special Litigation Counsel and to Make Monthly Payments* (Doc. No. ___) (the "**Application**") and the Affidavit of Ronald J. Marlowe in support of the Application. The Court, having considered the Motion and the record, finds that the Motion is well taken and should be granted. Accordingly, it is

**ORDERED**:

1. The Application is approved.

2. The Debtor is authorized to retain Marlowe Law.

Exhibit B

3. Marlowe Law shall file a notice with the Court attaching its monthly invoices of fees and costs for professional services rendered to the Debtor and provide parties in interest with fourteen (14) days to object to said fees and costs.

4. Marlowe Law shall be entitled to redact the entries to protect privilege information, but may be required to provide unredacted time entries to the United States Trustee.

5. Absent timely filed objections, the Debtor is authorized to pay Special Counsel's invoice, subject to the filing of interim applications for compensation to be filed with the Court every 120 days or prior to the confirmation hearing and be subject to ultimate disgorgement in the event that an objection to an application for compensation is filed and sustained by the Court after notice and hearing.

6. This Order shall not infringe upon any rights of creditors and parties in interest to object to the final approval of any fees paid to Special Counsel.

*Attorney Scott A. Stichter is directed to serve a copy of this Order on interested parties who do not receive ECF service and file a proof of service within 3 days of entry of the Order.*

Exhibit B